FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 AUG 24  A 11: 52
CLERK'S OFFICE
AT GREENBELT
BY_____ D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*Southern Division*

EARL D. JOHNSON, JR.

    Plaintiff,

v.

MORLEY GAYFLOR, *et al.*,

    Defendants.

Case No.: GJH-16-0944

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Earl D. Johnson, presently an inmate at the Maryland Correctional Training Center in Hagerstown, Maryland, filed this *pro se* lawsuit against Defendants, the Department of Public Safety and Correctional Services ("DPSCS")[1] and Sergeant Morley Gayflor (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983. Johnson claims that he was denied due process because Sgt. Gayflor filed a false report against Johnson for possession of a weapon. ECF No. 1. Johnson provided a supplement to the Complaint at the Court's direction. *See* ECF Nos. 4 and 5. Defendants, by their counsel, have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 16, to which Johnson has filed an Opposition. ECF No. 18. The matter is briefed and ready for disposition. The Court finds a hearing is unnecessary. *See* Loc. Rule 105.6 (D. Md. 2016). For reasons to follow, the Defendants' Motion, treated as a Motion to Dismiss, shall be granted.

---

[1] The Clerk shall amend the docket to reflect the full name of the defendant state agency.

# I. BACKGROUND

Johnson filed suit on March 25, 2016, presenting claims arising from the time he was incarcerated at Roxbury Correctional Institution in Hagerstown, Maryland in July of 2011. ECF No. 1 at 3. Johnson claims that on July 16, 2011, Defendant Gayflor charged him with possession of a weapon. *Id.* Johnson was found guilty after a disciplinary hearing and sanctioned with 240 days of solitary confinement and loss of 18 months of visiting privileges. *Id.*, ECF No. 5 ¶ 4. Johnson maintains that he was found guilty despite the absence of a weapon, corroborating video footage, or evidence that he was present in the recreation yard where a weapon was found. ECF No. 1 at 3. He claims that because of Gayflor's "false report" he could have been regarded as a "rat" and killed by prison gang members. *Id.* Johnson presents no claim of injury. He requests $2 million dollars in damages and other relief. *Id.*

# II. STANDARD OF REVIEW

Defendants may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50) (1989)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). In addition, when reviewing a motion to dismiss, the Court "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal citations omitted). The filings of self-represented plaintiffs, as here, are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court is not obligated to accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) or legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. DISCUSSION

Defendants claim that, to the extent they are sued as state agencies, they are immune from suit, and that Plaintiff's claims against them are time-barred by the applicable statute of limitations. *See* ECF No. 16-1 at 6–7. Further, Defendants argue that there was no violation of Johnson's due process rights, and move to dismiss the Complaint for failure to state a claim upon which relief can be granted. *See id.* at 4–6.

3

### A. Eleventh Amendment Immunity

As a threshold matter, the federal claims against DPSCS, and the claims for damages against Gayflor in his official capacity are barred by the Eleventh Amendment. ECF No. 16-1 at 6–7. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment for all suits in federal court. *See Gray v. Laws*, 51 F.3d 426, 431–32 (4th Cir. 1995) (noting that "it is well established that an unconsenting State is immune from suits brought in federal courts by her own citizens . . .") (internal citations omitted). DPSCS is a state agency. *See* Md. Code., Corr. Servs. § 1-101(f). Hence, the claims against DPSCS shall be dismissed because it is immune from suit under the Eleventh Amendment.

Further, judgment against a public employee "in his official capacity" imposes liability on the public entity. *See Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) (citing *Monell v. New York Dept. of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978) (internal quotation omitted)). The Complaint is silent as to whether the allegations are raised against Sgt. Morley in his official or personal capacities, or both. Thus, to the extent Johnson's Complaint brings claims for damages against Sgt. Gayflor in his official capacity, they are tantamount to claims against the State of Maryland, and must also be dismissed.

## B. Statute of Limitations

In addition, Johnson's claims, arising from events in 2011, are time-barred. "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts. & Jud. Proc. Code § 5-101. The question when a cause of action has accrued under § 1983, however, is a federal question. *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974). Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333 (1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 653 (1985)).

Here, the alleged false report was written by Sgt. Gayflor on July 16, 2011.[2] Nearly five years passed before Johnson filed the instant Complaint on March 25, 2016. In his Opposition, Johnson attests that he sought redress through the Inmate Grievance Office ("IGO"), and later filed for judicial review, but received no answer. ECF No. 18 at 1. Johnson filed a tort action in the Circuit Court for Anne Arundel County on January 13, 2015, against Gayflor and Hearing Officer Juknelis in *Johnson v. Gayflor*, C-02-CV-15-000163 (Cir. Ct. Anne Arundel Cty. January 13, 2015). *See* ECF No. 18-1 at 1–3.[3] The Circuit Court granted Defendants' Motion to Dismiss on October 3, 2016, and closed the case on October 13, 2016. *See id*. Johnson notes he filed his federal complaint shortly thereafter. *See* ECF No. 18.

Johnson also alleges that unspecified paperwork was lost in a "shake down." *Id.* at 1. Notably, Johnson does not identify the nature of the paperwork, state the date of the shakedown, or explain why lack of access to the paperwork prevented him from filing the federal complaint for more than five years.[4] *Id*. As presented here, none of these circumstances provide cause to toll the limitations period. Assuming Johnson's allegations to be true, they fail to establish that Johnson first became aware of the purported false report at any time later than the date he was served with the Notice of Inmate Rule Violation and Disciplinary Hearing on July 16, 2011. His cause of action thus accrued on this date as well. Johnson's efforts to file complaints with the Inmate Grievance Office and in state court further suggest that he was aware of his claims during this time. Accordingly, Johnson's claims are time-barred.

---

[2] Johnson's disciplinary hearing was held on August 16, 2011. He was sanctioned the same day. ECF No. 16-1 at 1–12 (Notice of Inmate Rule Violation and Inmate Hearing Record). Even assuming Johnson did not become aware of the claims presented here at this later date, his claims still remain time-barred.

[3] *Johnson v. Gayflor*, C-02-CV-15-000163 (Cir. Ct. Anne Arundel Cty. Jan. 13, 2015). *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=C02CV15000163&loc=60&detailLoc=ODYCIVIL (last visited August 17, 2017).

[4] Johnson also alleges Hearing Officer Peter Juknelis violated his right to due process. Juknelis is not a Defendant in this case.

## C. Due Process

Even if Plaintiff's claims were not barred by the above-mentioned doctrines, he fails to state a claim under the Due Process Clause. A plaintiff may bring a civil action against persons acting under color of state law to redress due process violations pursuant to 42 U.S.C. § 1983. The Fourteenth Amendment's Due Process Clause guarantees that no state shall "deprive any person of . . . liberty . . . without due process of law." However, to bring a due process claim, a plaintiff must first show the existence of a protected property or liberty interest. *See Mathews v Eldridge*, 424 U.S. 319, 332 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Absent a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated, because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

"[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Prisoners do "have a liberty interest in actions that result in the loss of good time credits or lengthen their term of incarceration." *Jones v. Morgan*, No. CIV.A. RWT-10-2928, 2011 WL 3299344, at *3 (D. Md. July 29, 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 477–79 (1995). Here, Johnson acknowledges that he did not lose any good conduct credits for the rule violation. *See* ECF No. 5 ¶ 3. Therefore, no liberty interest was implicated to trigger due process protections.

In addition, the Supreme Court reasoned in *Sandin* that in the ordinary course of prison regulation and discipline, rights implicated by the Due Process Clause are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in

7

relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Placement in disciplinary segregation, alone, does not impose an atypical or significant hardship triggering due process protections. *See Jones v. Morgan*, No. CIV.A. RWT-10-2928, 2011 WL 3299344, at *3 (D. Md. July 29, 2011); *see also Beverati v. Smith*, 120 F.3d 500, 503–04 (4th Cir. 1997) (observing "although the conditions [in administrative segregation] were more burdensome than those imposed on the general prison population, they were not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life."). While Plaintiff alleges in his Complaint that he was given "240 day[s] solitary confinement" for the weapon report, he alleges no further facts, either in the Complaint or his Opposition describing this term of confinement. *See Jones*, 2011 WL 3299344, at *3 (finding no liberty interest implicated where "[t]here is nothing in the record or pleadings in this case which show that Jones's assignment to disciplinary segregation and cell restriction subjected him to atypical hardship as contemplated by *Sandin* or *Beverati*."). Therefore, Johnson fails to allege sufficient facts in support of any liberty interest at issue.

Moreover, prison disciplinary proceedings, as Johnson was subject to here, are not part of a criminal prosecution, and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney

representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564–66, 592. In such a hearing, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . ." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy. *See Montague v. Llewellyn*, No. CIV.A. ELH-13-1619, 2013 WL 2490570, at *2 (D. Md. June 6, 2013) (dismissing inmate's due process claim where plaintiff sought review of hearing officer's decision finding him guilty of a disciplinary violation, but his allegations that "some evidence was not reviewed or he was denied a witness [do] not state a constitutional claim, especially in light of the absence of a loss of liberty, *i.e.*, revoked diminution credits"). In this case, Defendants' administrative records — attached to the Motion to Dismiss integral to Plaintiff's claims regarding the disciplinary hearing, ECF No. 5 ¶ 1 (stating that "I had a hearing on the weapon charge on 7/16/11"), and the authenticity of which has not been questioned — indicate that Johnson was afforded the procedures due. *See* ECF No. 16-2 at 2–8. And as stated, no good time credits were revoked. Therefore, Johnson fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For reasons discussed above, Defendants' Motion to Dismiss, ECF No. 16, will be granted. Further, the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g), provides that a prisoner will not be granted *in forma pauperis* status if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

9

serious physical injury. Accordingly, Johnson shall be assigned a "strike" pursuant 28 U.S.C. § 1915(g). A separate Order follows.

Dated: August 24, 2017

_____
GEORGE J. HAZEL
United States District Judge